IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division


FILED
JUN 20 2013
CLERK, US DISTRICT COURT
NORFOLK, VA

**GEORGE WILLIE DAVIS,**

Petitioner,

v.

CRIMINAL ACTION NO. 4:08cr133

**UNITED STATES OF AMERICA,**

Respondent.

## *MEMORANDUM ORDER*

Before the Court is a motion entitled "Writ of Coram Nobis Motion 28 U.S.C. § 1651(A) for Release or a Downward Departure or to Vacate Sentencing for Re-Sentencing After Become Legally Blind in Both Eyes in the Federal Bureau of Prisons" filled by **GEORGE WILLIE DAVIS** ("Petitioner"), who seeks early release from federal custody in light of his medical issues, including end stage retinal disease and glaucoma. This diagnosis is supported by the Defendant's original presentencing report investigation conducted by the United States Probation Office.

Given that a Writ of Coram Nobis is only available under the most extraordinary of circumstances and usually when the Petitioner is not in the custody of the United States, *see United States v. Akinsade*, 686 F.3d 248, 252 (4th Cir. 2012), the Court construes this motion as a petition under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Petitioner's Sentence ("2255 Motion"). Because Petitioner has failed to obtain authorization from the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") to file a successive petition, the Court lacks jurisdiction to consider this motion. In the alternative, even if the instant motion was not a successive 2255 motion, it is untimely. Accordingly, defendant's motion is **DISMISSED**.

## I. FACTUAL AND PROCEDURAL HISTORY

Defendant was named in a four count Indictment on November 12, 2008. On April 1, 2009, Petitioner appeared before the Honorable Jerome B. Friedman and pled guilty to Count One, charging him with Possession with Intent to Distribute Five (5) Grams or More of Cocaine Base, in violation of 21 U.S.C. §§ 841 (a)(1) and (b)(1)(B)(iii), and Count Three, charging him with Felon in Possession of Firearm (Armed Career Criminal), in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). On July 13, 2009, Judge Friedman sentenced Defendant to 192 months on each charge to run concurrently. On February 17, 2012, Defendant filed a motion which the Court eventually construed as a Motion for Retroactive Application of Sentencing Guidelines to crack offenses pursuant to Title 18, U.S.C. § 3582(c)(2) seeking release or a reduction of his sentence due to medical reasons. After briefing on the motion, the Court found that the Defendant was ineligible for any relief given his status as a career offender under the Sentencing Guidelines. Defendant sought review of the Court's decision by the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit"), which it denied. On November 28, 2012, Defendant sought authorization from the Fourth Circuit to file a successive habeas petition pursuant to 28 U.S.C. § 2244(b)(3)(A). The Fourth Circuit rejected the Defendant's request. On April 4, 2013, the Defendant filed the instant motion seeking release or a downward departure given his medical circumstances pursuant to a Writ of Coram Nobis.

## II. DISCUSSION

### A. Motion under Section § 2255

Title 28, United States Code §§ 2244(b)(3)(A)[1] and 2255[2] require Petitioner to obtain authorization from the Fourth Circuit before filing what would be Petitioner's second or

---

[1] The section provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider

successive § 2255 motion. Because Petitioner's request seeks further judicial review of his conviction and sentence, pursuant to 28 U.S.C. § 2255, the Court concludes that Petitioner's request is a successive § 2255 petition. The Court has received no Fourth Circuit order authorizing it to consider this second or successive § 2255 petition, despite the Petitioner having previously sought it. Accordingly, Petitioner's motion is **DISMISSED** without prejudice to his right to move the Fourth Circuit for leave to file a successive § 2255 petition.

## B. Untimely § 2255 Motion

In 1996, Congress amended the law governing § 2255 motions as a part of the Antiterrorism and Effective Death Penalty Act ("AEDPA"). *See* 28 U.S.C. § 2255. Section 2255 provides in relevant part that:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court *and made retroactively applicable to cases on collateral review*; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

---

the application." 28 U.S.C. § 2244(b)(3)(A).

[2] Section 2255 provides that "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255. Based on Petitioner's submission to the Court, it is highly doubtful that he would obtain relief.

28 U.S.C. § 2255 (emphasis added). To determine whether Petitioner has timely filed his § 2255 motion, the Court must measure one year from the most recent date provided by § 2255 subsections (1) through (4). Subsection (1) is operative on this matter.

For the purposes of subsection (1), as Petitioner did not seek appeal of his conviction, it became final when the time for filing a notice of appeal expired. *See United States v. Clay*, 537 U.S. 522 (2003). Petitioner's conviction therefore became final fourteen days after the date his judgment was entered – July 28, 2009. Under subsection (1), Petitioner was required to bring a collateral attack pursuant to 28 U.S.C. § 2255 by July 28, 2010 in order to meet the statutory deadline. The Court finds that Petitioner filed this instant motion almost four years after final judgment, barring the Court from examining his claim under subsection (1). Thus, the AEDPA bars Petitioner's instant motion as untimely. Accordingly, the Petitioner's motion is **DISMISSED**.

### C. Certificate of Appealability

> Rule 22(b)(1) of the Federal Rules of Appellate Procedure provides, in relevant part:
>
> [I]n a 28 U.S.C. § 2255 proceeding, the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c). If an applicant files a notice of appeal, the district court clerk must send to the court of appeals the certificate (if any) and the statement described in Rule 11(a) of the Rules Governing Proceedings Under 28 U.S.C. §§2254 or 2255 (if any).... If the district judge has denied the certificate, the applicant may request a circuit judge to issue it.

Fed. R. App. P. 22(b)(1). Certificates of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Hohn v. United States*, 524 U.S. 236, 118 S. Ct. 1969 (1998) (quoting 28 U.S.C. § 2253(c)(2)). In order to obtain a certificate, the applicant must set forth specific issues that amount to "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595,

1603 (2000) ("To obtain a COA under § 2253(c) a habeas prisoner must make a substantial showing of the denial of a constitutional right."). This means that the applicant must show that either "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner," *Slack*, 120 S. Ct. at 1603-04, or whether the issues presented in the petition were "adequate to deserve encouragement to proceed further." *Id.* (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983). Petitioner has not set forth a specific issue that demonstrates a substantial showing of a denial of a constitutional right. Because he fails to demonstrate a substantial showing of a denial of a constitutional right, a Certificate of Appealability is **DENIED**.

### III. CONCLUSION

For the foregoing reasons, Petitioner's motion is **DISMISSED**. The Court **ADVISES** Petitioner that he may appeal this final order by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, VA 23510. The Clerk must receive this written notice within sixty (60) days from this Order's date The Court **DIRECTS** the Clerk to send Petitioner the forms, "Motion Under 28 U.S.C. § 2244(b)(3)(A) for Order Authorizing District Court to Consider Second or Successive Petition for Relief Under 28 U.S.C. §§ 2254 or 2255" and "Instructions for Filing Motion Under 28 U.S.C. § 2244 for Order Authorizing District Court to Consider Second or Successive Petition for Relief Under 28 U.S.C. §§ 2254 or 2255." In addition, the Court **DIRECTS** the Clerk to send a copy of this Memorandum Order to Petitioner and to the United States Attorney, Eastern District of Virginia, World Trade Center, Suite 8000, 101 West Main Street, Norfolk, VA 23510.

**IT IS SO ORDERED.**

Norfolk, Virginia
June 20, 2013

Raymond A. Jackson
United States District Judge