IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

GEORGE WILLIE DAVIS,

          Petitioner,

v.

                                  CIVIL ACTION NO. 4:16cv82
                                  CRIMINAL ACTION NO. 4:08cr133

UNITED STATES OF AMERICA,

          Respondent.

## MEMORANDUM OPINION AND ORDER

      George Willie Davis ("Petitioner") has submitted a Motion pursuant to Title 28, United States Code, Section 2255 to Correct Sentence by a person in federal custody ("§ 2255 Motion"). Having reviewed the Parties' filings in this case, the Court finds this matter is ripe for judicial determination. For the reasons set forth below, Petitioner's § 2255 Motion is **GRANTED**.

### I. FACTUAL AND PROCEDURAL HISTORY

      On November 12, 2008, an Eastern District of Virginia Grand Jury returned an indictment charging Petitioner with four counts. ECF No. 1.

      Petitioner pled guilty to counts one and three of the indictment. ECF No. 19. Count one charged Petitioner with possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1). Count three charged Petitioner with felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). *Id.*

      On July 13, 2009, Petitioner was sentenced to a term of one hundred ninety-two months imprisonment on count one and a term of one hundred ninety-two months imprisonment on count three, to be served concurrently. *Id.*

1

On June 23, 2016, Petitioner, through counsel, filed the instant Motion to Correct Sentence under 28 U.S.C. § 2255 ("§ 2255"). ECF No. 63.  On August 29, 2016, the United States Attorney's Office ("Respondent") filed a response to Petitioner's § 2255 Motion, which asked the Court to deny Petitioner's § 2255 Motion or, alternatively, to hold the § 2255 Motion in abeyance, pending the Supreme Court's decision in *Beckles v. United States*. ECF No. 68.  On September 23, 2016, Petitioner filed a reply to Respondent, in which he requested that any resentencing to which he is entitled "be delayed until the United States Court of Appeals for the Fourth Circuit decides *United States v. Winston*." ECF No. 71.

In his § 2255 Motion, Petitioner argues that his sentence should be corrected in light of the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015).  Petitioner's argument is two-fold: 1) Petitioner was sentenced as an "armed career criminal" under the residual clause of the Armed Career Criminal Act (ACCA), which was rendered void in *Johnson*; and 2) Petitioner was also sentenced as a "career offender" under the residual clause of United States Sentencing Guidelines (U.S.S.G.) Section 4B1.2 (§ 4B1.2), which Petitioner argues should also be considered void in light of *Johnson*.  Mot. Correct 1-2, ECF No. 63.  Petitioner therefore requests that this Court "vacate his entire sentence and re-sentence him on all counts." *Id.* at 2-3.

In response, Respondent argues that, while Petitioner's sentence under the ACCA is void under *Johnson*, his sentence under § 4B1.2 is not.  Respondent also argues that Petitioner was not harmed by the now-void ACCA sentence because the same Sentencing Guidelines range would have applied in this case regardless of whether Petitioner was sentenced under the ACCA. Resp. 1-2, ECF No. 68.

2

## II. LEGAL STANDARDS

When a petitioner in federal custody wishes to collaterally attack his sentence or conviction, the appropriate motion is a § 2255 motion. *United States v. Winestock*, 340 F.3d 200, 203 (4th Cir. 2003). Section 2255 of Title 28 of the United States Code governs post-conviction relief for federal prisoners. It provides in pertinent part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

In a proceeding to vacate a judgment of conviction, the petitioner bears the burden of proving his or her claim by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958).

Motions under § 2255 "will not be allowed to do service for an appeal." *Sunal v. Large*, 332 U.S. 174, 178 (1947). For this reason, issues already fully litigated on direct appeal may not be raised again under the guise of a collateral attack. *Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir. 1976).

When deciding a § 2255 motion, the Court must promptly grant a hearing "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Whether a hearing is mandatory for a § 2255 Motion and whether petitioner's presence is required at the hearing is within the district court's sound discretion and is reviewed for abuse of discretion. *Raines v. United States*, 423 F.2d 526, 529 (4th Cir. 1970) (citing *Machibroda v. United States*, 368 U.S. 487 (1962)).

## III. DISCUSSION

### A. Timeliness, *Johnson*, and the ACCA

A § 2255 motion is subject to a one-year statute of limitations.  28 U.S.C. § 2255(f).
Petitioner argues that his motion is timely under subsection (f)(3), which states that the one-year
time limit begins on "the date on which the right asserted was initially recognized by the
Supreme Court, if that right has been newly recognized by the Supreme Court and made
retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3).  Petitioner argues
that the right he is asserting was announced by the Supreme Court in *Johnson v. United States*,
135 S. Ct. 2551 (2015).

Petitioner was sentenced as an "armed career criminal" under the Armed Career Criminal
Act.  The ACCA imposes a minimum imprisonment sentence of fifteen years on those who
violate 18 U.S.C. 922(g) (i.e., felon in possession of a firearm) after having been previously
convicted of three "violent felon[ies] or serious drug offense[s]." 18 U.S.C. § 924(e)(1).  A
crime can qualify as a "violent felony" in three ways.  First, a crime is a violent felony if it "has
as an element the use, attempted use, or threatened use of physical force against the person of
another." 18 U.S.C. § 924(e)(2)(B)(i).  This is known as the "force clause" of the ACCA.

Second, a crime is a violent felony if it is "burglary, arson, or extortion, [or] involves use
of explosives." 18 U.S.C. § 924(e)(2)(B)(ii).  This is known as the "enumerated crimes clause."
Finally, a crime is a violent felony if it "involves conduct that presents a serious potential risk of
physical injury to another." *Id.*  This is known as the "residual clause" of the ACCA.

In *Johnson v. United States*, the Supreme Court held that the residual clause of the ACCA
is void because it is unconstitutionally vague. *Johnson*, 135 S. Ct. at 2557-58.  A defendant

4

cannot be sentenced as an "armed career criminal" if any of his prior convictions were for crimes that only qualified as "violent felonies" under the residual clause of the ACCA.

In the instant case, Petitioner was convicted of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). ECF No. 19. At that time, Petitioner had previously been convicted of three felony offenses: one attempted statutory burglary offense and two robbery offenses, all under Virginia law. Mot. Correct 1, ECF No. 63. As a result of these prior convictions, Petitioner was sentenced as an armed career criminal under the ACCA. However, both parties agree that Petitioner's conviction for attempted statutory burglary only qualified as a "violent felony" under the ACCA residual clause. Mot. Correct 4-5, ECF No. 63; Resp. 1-2, ECF No. 68. The Court agrees.

### 1. Force Clause

Again, the force clause of the ACCA states that a crime is a violent felony if it "has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i). In determining whether a defendant's prior offense meets this definition, the Supreme Court has adopted "a formal categorical approach, looking only to the statutory definitions of the prior offenses, and not to the particular facts underlying those convictions." *Taylor v. United States*, 495 U.S. 575, 600.

Looking only to the statutory definition of Petitioner's prior offense, the Virginia Code provides that a defendant can be guilty of "statutory burglary" if he breaks and/or enters with the intent to commit larceny. Va. Code Ann. § 18.2-91. Larceny can be accomplished through a simple taking of the property of another outside that person's presence. Va. Code Ann. § 18.2-95. According to the statutory definition, the offense of "statutory burglary" does not categorically involve the use, attempted use, or threatened use of physical force against the

person of another. Therefore, attempted statutory burglary is not a "violent felony" under the force clause of the ACCA.

### 2. Enumerated Crimes Clause

The enumerated crimes clause of the ACCA states that a crime is a violent felony if it is "burglary, arson, or extortion, [or] involves use of explosives." 18 U.S.C. § 924(e)(2)(B)(ii). While burglary appears on this list, *attempted* burglary does not. Therefore, attempted statutory burglary is not a "violent felony" under the enumerated crimes clause of the ACCA.

### 3. Residual Clause

As the Court has explained, *Johnson* invalidated the residual clause of the ACCA. Therefore, attempted statutory burglary cannot qualify as a "violent felony" under any of the ACCA clauses. Petitioner does not have three prior convictions for "violent felonies" and his sentence should not be affected by the ACCA.

For the foregoing reasons, Petitioner's motion is timely under § 2255(f)(3). However, this does not completely decide the issue of whether Petitioner is entitled to the relief he seeks (i.e., the vacating of his sentence and a re-sentencing on all counts) because Petitioner also argues that he was erroneously sentenced as a "career offender" as well. The Court must determine whether Petitioner was appropriately sentenced as a "career offender" under the Sentencing Guidelines.

### B. *Johnson* and U.S.S.G. § 4B1.2

Petitioner was sentenced as a "career offender," pursuant to U.S.S.G. § 4B1.1. A defendant is a "career offender" if: 1) the defendant was eighteen years old when he committed the instant offense; 2) the instant offense is either a crime of violence or a controlled substance offense; and 3) the defendant has at least two prior felony convictions of either a crime of

6

violence or a controlled substance offense. U.S.S.G. § 4B1.1(a). Petitioner does not challenge the applicability of the first two elements, but argues that the third element does not apply because his two prior convictions for robbery under Virginia law do not qualify as "crimes of violence" in light of *Johnson*.

The U.S.S.G. defines "crime of violence" in nearly[1] the exact same way the ACCA defined "violent felony," including the force clause, the enumerated crimes clause, and the residual clause. § 4B1.2. However, while the ACCA requires three prior convictions, Section 4B1.1 only requires two. Therefore, without including Petitioner's prior conviction for attempted statutory burglary, Petitioner can still qualify as a "career offender" if his two prior convictions for robbery are "crimes of violence."

Petitioner contends that Virginia robbery is not a "crime of violence" under § 4B1.2. Specifically, Petitioner argues that, because the now-void ACCA residual clause is identical to the § 4B1.2 residual clause, *Johnson* invalidates the latter as well. Therefore, Virginia robbery cannot fall under the umbrella of the § 4B1.2 residual clause because, according to Petitioner, that clause no longer has legal effect. The Supreme Court will address the constitutionality of the § 4B1.2 residual clause in *United States v. Beckles*. Respondent requests that this Court hold Petitioner's § 2255 Motion in abeyance pending that decision. However, this Court need not await the *Beckles* decision because, even if the § 4B1.2 residual clause is ruled unconstitutional, Virginia robbery is still a crime of violence under the force clause and the Commentary to § 4B1.2.

---

[1] While the ACCA "violent felony" definition uses the word "burglary" by itself, U.S.S.G. "crime of violence" definition uses the phrase "burglary of a dwelling." As both parties agree that the dispositive issue in Petitioner's § 2255 Motion is his robbery convictions, this difference between the two definitions is irrelevant.

## 1. Force Clause

The force clause of § 4B1.2 is identical to the force clause of the ACCA: an offense is a "crime of violence" if it "has as an element the use, attempted use, or threatened use of physical force against the person of another." § 4B1.2(a)(1). The same "categorical approach" courts use to assess prior offenses under the ACCA also applies to assess prior offenses under § 4B1.2. *United States v. McMillian*, No. 15-4308, 2016 WL 3269524, at *5 (4th Cir. June 15, 2016); *see also United States v. Carthorne*, 726 F.3d 503, 511 (4th Cir. 2013). In other words, the Court "focuses solely on the elements of the offense, rather than on the facts of the case." *McMillian*, No. 15-4308, 2016 WL 3269524, at *5.

Looking only to the elements of Petitioner's prior robbery offenses, the Virginia Code provides the following:

> If any person commit robbery by partial strangulation, or suffocation, or by striking or beating, or by other violence to the person, or by assault or otherwise putting a person in fear of serious bodily harm, or by the threat or presenting of firearms, or other deadly weapon or instrumentality whatsoever, he shall be guilty of a felony and shall be punished by confinement in a state correctional facility for life or any term not less than five years.

Va. Code Ann. § 18.2-58. While Petitioner argues that Virginia robbery does not categorically qualify as a "crime of violence" under the force clause, Fourth Circuit case law states otherwise.

In *United States v. Presley*, the Fourth Circuit decided that § 18.2-58, the Virginia robbery statute under which Petitioner was convicted, is a "violent felony" under the force clause of the ACCA. *United States v. Presley*, 52 F.3d 64, 69 (4th Cir. 1995). The Fourth Circuit has said that, due to the identical language found in the ACCA and § 4B1.2, the analysis applicable to one also applies to the other. *United States v. Williams*, 223 F. App'x 280, 284 (4th Cir. 2007) ("Although *Smith* involved the Sentencing Guidelines rather than the ACCA, the definition of a 'violent felony' under the ACCA . . . is identical to the definition of a 'crime of violence' under

8

the Sentencing Guidelines. Accordingly, we see no reason why the logic in *Smith* should not extend to the ACCA."). Therefore, the decision in *Presley* applies to § 4B1.2, meaning that Petitioner's robbery conviction is a "crime of violence" under the force clause of § 4B1.2.[2]

### 2. Commentary

Even if the Court were to find that the *Presley* holding is inapplicable to § 4B1.2, and that Virginia robbery is not a "crime of violence" under the force clause, Petitioner's prior convictions for robbery would still qualify as "crimes of violence" because robbery is explicitly listed as a "crime of violence" in the Commentary to § 4B1.2. The Supreme Court has held that the "Commentary in the Guidelines Manual that interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline." *Stinson v. United States,* 508 U.S. 36, 38 (1993); *see also United States v. Hood,* 628 F.3d 669, 672 (4th Cir. 2010) (applying the *Stinson* holding to the Commentary of § 4B1.2). The Commentary to § 4B1.2 plainly states, "'Crime of violence' includes . . . robbery." Therefore, Petitioner's prior robbery convictions are "crimes of violence."

Petitioner argues that he is entitled to a re-sentencing, but requests "that his resentencing be delayed until the United States Court of Appeals for the Fourth Circuit decides *United States v. Winston* . . . ." Reply 2, ECF No. 71. The *Winston* case will address whether Virginia robbery

---

[2] The Fourth Circuit cast a measure of doubt upon the *Presley* holding in its recent decision in *United States v. Gardner,* 823 F.3d 793 (4th Cir. 2016). In deciding that North Carolina common law robbery is not a "violent felony" under the ACCA force clause, the Fourth Circuit said, "Our analysis is not altered by decisions of this Court interpreting the crime of robbery in other jurisdictions. . . . The decisions in *Presley* and *Wilson* do not inform our decision today, because they pre-date the Supreme Court's decision in [*Moncrieffe v. Holder,* 133 S. Ct. 1678 (2013)], and do not evaluate the minimum conduct to which there is a realistic probability that a state would apply the law." However, this Court finds that the *Presley* holding is still the binding and controlling law on this issue, for two reasons. First, the Court in *Gardner* did not overturn *Presley,* but merely declined to apply its holding to a different state's law. Second, two Fourth Circuit cases that were decided after *Moncrieffe* have relied on the *Presley* holding, implying its validity post-*Moncrieffe. See United States v. McNeal,* 818 F.3d 141, 153 (4th Cir. 2016); *see also United States v. Lewis,* 538 F. App'x 321, 322 (4th Cir. 2013).

9

is a "violent felony" under the force clause of the ACCA. The outcome of *Winston* is immaterial to the instant motion because, even if the Fourth Circuit were to rule that robbery is not a "violent felony" under the force clause of the ACCA, and even if that were to mean it is not a "crime of violence" under the force clause of § 4B1.2, it would still be a "crime of violence" under the Commentary to § 4B1.2.

For the foregoing reasons, Petitioner was appropriately sentenced as a "career offender" under § 4B1.1 of the Sentencing Guidelines. Notwithstanding this, Petitioner argues that he is nevertheless "entitled to a full resentencing because his ACCA sentence is invalid. In other words, because [Petitioner's] ACCA sentence is invalid, his entire sentence is invalid." Reply 3, ECF No. 71. The Court must now determine if Petitioner is entitled to relief in light of the Court's misapplication of the "armed career criminal" status to Petitioner.

### C. Concurrent Sentence Doctrine

Petitioner was sentenced to a term of 192 months imprisonment on each count one and count three, to be served concurrently. The Fourth Circuit has adopted the "concurrent sentence doctrine" and defined it in the following way:

> The concurrent sentence rule provides that where a defendant receives concurrent sentences on plural counts of an indictment and where the conviction on one count is found to be good, a reviewing court need not pass on the validity of the defendant's conviction on another count. This familiar rule has been repeatedly approved by both the Supreme Court and by this court.

*United States v. Truong Dinh Hung*, 629 F.2d 908, 931 (4th Cir. 1980).

Respondent argues that Petitioner is not entitled to relief because one of his convictions (i.e., the sentence for count one under § 4B1.1) is valid. Therefore, according to Respondent, the concurrent sentence doctrine allows this Court to decline to review the validity of the other conviction (i.e., the sentence for count three under the ACCA). However, application of the concurrent sentence doctrine is restricted to cases where there is "no substantial possibility that

10

the unreviewed conviction will . . . expose [the defendant] to a substantial risk of adverse collateral consequences." *Id.* In other words, the concurrent sentence doctrine "requires a showing that the defendant will suffer no harm by letting both the valid and unreviewed convictions stand." *United States v. Hill*, 859 F.2d 325, 326 (4th Cir. 1988). The Court must analyze Petitioner's sentence to ascertain whether he will suffer harm if his sentence on count three goes unreviewed.

When the Court sentenced Petitioner, the Court determined he had an offense level of 34 and a criminal history category of VI. After factoring in a three-point deduction for "acceptance of responsibility," Petitioner had a total offense level of 31, yielding an imprisonment range of 188-235 months.

Had Petitioner not been sentenced as an "armed career criminal" under the ACCA, he nonetheless would have been sentenced as a "career offender" under U.S.S.G. § 4B1.1. In the instant case, Petitioner was convicted on count one of possession with intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1). The statutory maximum term of imprisonment for this offense is forty years. 21 U.S.C. § 841(b)(1)(B)(iii). According to the U.S.S.G., the corresponding offense level for such an offense is 34 and the appropriate criminal history category is VI. U.S.S.G. § 4B1.1(b). When the three-point deduction for "acceptance of responsibility" is included, Petitioner's total offense level becomes 31. Thus, the total offense level, criminal history category, and imprisonment range would have been the same, whether or not the Petitioner was sentenced under the ACCA.

However, a term of imprisonment is not the only potential "harm" to which Petitioner is susceptible. Count three charged Petitioner with felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). The maximum statutory penalty for this offense, without the ACCA

11

enhancement, is 10 years imprisonment. 18 U.S.C. § 924(a)(2). This makes Petitioner's pre-ACCA offense a Class C felony. 18 U.S.C. § 3559(a)(3). The ACCA enhancement increased the maximum penalty on count three from 10 years imprisonment to life imprisonment. 18 U.S.C. § 924(e)(1). This, in turn, elevated count three from a Class C felony to a Class A felony. 18 U.S.C. § 3559(a).

The ACCA enhancement on count three from a Class C felony to a Class A felony is consequential in the context of penalties for supervised release violations. The Sentencing Guidelines provide imprisonment ranges for defendants whose supervised release is revoked due to violations of the release terms. U.S.S.G. § 7B1.4(a). A defendant who commits a Grade A violation and is on supervised release for a Class A felony is subject to imprisonment ranges that are 12-22 months higher than the ranges applicable to defendants who are on supervised release for anything other than a Class A felony. *Id.*

Petitioner's erroneous conviction and sentencing as an "armed career criminal" subject him to higher penalties for supervised release violations. Therefore, the concurrent sentence doctrine does not apply in this case and the Court must review Petitioner's sentence and determine what relief is appropriate.

### D. Correcting a Sentence vs. Re-Sentencing

Petitioner argues that the Court must vacate his sentence and re-sentence him on all counts, pursuant to the "sentencing package theory." The Fourth Circuit explained this theory in the following way:

"Under this theory, a sentence is not merely the sum of its parts; instead, because the district court crafts a sentence by considering all of the relevant factors as a whole, an appellate court that rejects one of the grounds on which the sentence is based unbundles the entire sentence package. If, then, the appellate court vacates and remands a prisoner's sentence because of a sentencing error, the district court may not simply re-enter the non-offending portions of the original sentence, but

12

must conduct a new resentencing hearing to reformulate the entire sentence package."

*United States v. Hadden*, 475 F.3d 652, 669 (4th Cir. 2007).

In contrast to Petitioner's argument, however, the Fourth Circuit further explained that this theory only applies if the *appellate court* determines the original sentence was unlawful, vacates that sentence, and remands to the district court. *Id.* If the district court itself corrects a sentence, the sentencing package theory does not apply to mandate that the entire sentence be vacated and the Petitioner be re-sentenced. *Id.* "The district court has 'broad and flexible power' under § 2255 to determine the nature and scope of the remedial proceedings in the first instance . . . and nothing in the sentence-package theory forbids the district courts from doing what the text of § 2255 clearly permits: 'correct[ing]' a prisoner's unlawful sentence without conducting a formal 'resentenc[ing].'" *Id.* (quoting *United States v. Hillary*, 106 F.3d 1170, 1171 (4th Cir. 1997) and 28 U.S.C. § 2255). Therefore, the Court will forego a formal re-sentencing and simply correct Petitioner's sentence in accordance with *Johnson* and the Sentencing Guidelines.

Sentencing Guidelines Section 5G1.2 explains the appropriate method for "sentencing on multiple counts of conviction." U.S.S.G. § 5G1.2 ("§ 5G1.2"). "The court shall determine the total punishment and shall impose that total punishment on each count, except to the extent otherwise required by law." § 5G1.2(b). The Court in this case determined Petitioner's total punishment to be 192 months (16 years) and imposed that on both counts one and three. This total punishment is still appropriate as applied to count one because the statutory maximum on count one is 40 years. However, without the ACCA enhancement, the statutory maximum on count three is 10 years. The sentence on count three must be corrected.

The Commentary to § 5G1.2 explains the manner in which Petitioner is to be sentenced,

as follows:

> Usually, at least one of the counts will have a statutory maximum adequate to permit imposition of the total punishment as the sentence on that count. [Count one in this case.] The sentence on each of the other counts [count three in this case] will then be set at the lesser of the total punishment and the applicable statutory maximum, and be made to run concurrently with all or part of the longest sentence.

Section 5G1.2. Accordingly, Petitioner's sentence on count one will remain as it is. Petitioner's sentence on count three will be corrected to reduce the term of imprisonment to the applicable statutory maximum (10 years), to run concurrently with count one. Petitioner's sentence on count three will also be amended to reflect the fact that he is not an "armed career criminal" and that he is guilty of a Class C felony under 18 U.S.C. §§ 922(g)(l) and 924(a)(2), rather than a Class A felony under 18 U.S.C. § 924(e).

## IV. CONCLUSION

For the reasons set forth above, the Court finds that Petitioner is entitled to relief. Accordingly, Petitioner's Motion to Correct Sentence is **GRANTED** to the extent that Petitioner requested his sentence on count three be corrected. Petitioner's sentence on count one will remain as it is, but Petitioner's sentence on count three will be corrected. Petitioner will not be formally re-sentenced on either count. An amended judgment shall be entered in a separate order.

Additionally, the Court finds that Petitioner has made a substantial showing of the denial of a constitutional right. Therefore, pursuant to 28 U.S.C. § 2253(c)(2), a Certificate of Appealability is **ISSUED**.

The Court **ADVISES** Petitioner that he may appeal from this final Order by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510. The Clerk must receive this written notice within sixty (60) days from this Order's date.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Parties.

**IT IS SO ORDERED**.

Norfolk, Virginia

October 28, 2016

Raymond A. Jackson
United States District Judge

15